NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO MARIN QUEZADA, | No. 22-1443 |
| Petitioner, | Agency No. A207-968-049 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025**
Phoenix, Arizona

Before: N.R. SMITH, HURWITZ, and COLLINS, Circuit Judges.

Alejandro Marin Quezada (Marin), a native and citizen of Mexico, petitions

for review of the decision of the Board of Immigration Appeals (BIA), dismissing

his appeal of the denial of cancellation of removal by an immigration judge (IJ).

The IJ determined that Marin failed to establish "exceptional and extremely

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unusual hardship" to a qualifying relative required under 8 U.S.C. § 1229(b). We review this determination for "substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252. *Wilkinson v. Garland*, 601 U.S 209, 217 (2024). We deny the petition for review.[1]

1. Substantial evidence supports the BIA's determination that the hardship to Marin's qualifying son would not rise to the level of "exceptional and extremely unusual" because it would not be "substantially different from or beyond that which would ordinarily be expected" from a parent's removal from the United States. *Wilkinson*, 601 U.S at 215. The agency recognized that Marin's departure would cause emotional and financial hardship to his son but also recognized that (1) Marin's son "does not have any serious health issues or compelling special needs in school"; (2) Marin's son "would remain in the United States and continue to live with his mother if [Marin were] removed"; and (3) Marin's son "receives state-provided health insurance, which would likely be unaffected if the respondent were removed." The BIA did not err in determining that these facts do not satisfy the standard for relief under § 1229b(b)(1)(D). *See id.* at 225 ("Only the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review.").

---

[1] Marin did not challenge the agency's denial of voluntary departure. Thus, he has forfeited any challenge on that issue. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021).

Marin challenges the IJ's decision to exclude a psychological report he claims demonstrates his son's hardship. However, the IJ was within her discretion to exclude this evidence. First, the IJ found that the authoring psychologist lacked a current license. Second, the IJ provided Marin with the opportunity for the psychologist to testify in lieu of admitting the report. Moreover, Marin does not explain how the admission of the report would have altered the agency's decision.

2. Marin argues that the IJ violated his due process rights by not addressing his continued presence in the United States. This argument lacks merit. The IJ did not need to address the other cancellation of removal factors, because she found that Marin did not meet his burden of proving exceptional and extremely unusual hardship. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that "agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

3. Marin also argues that (1) he was not given notice and opportunity to provide corroborating evidence; (2) the agency did not consider his prospects of legally returning to the United States; and (3) we should remand the case to consider prosecutorial discretion and/or administrative closure. Neither of the first two issues was raised to the BIA. Therefore, we decline to address them on appeal. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Regarding Marin's claim for administrative closure, we note that although administrative closure was not available to him at the time he submitted briefing to the BIA, he does not "make any argument that [his] case should be eligible for administrative closure," and he no longer has "any remaining claims for relief or pending petitions that might affect [his] immigration proceedings." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018), *see also* 8 C.F.R. § 1003.18(c)(3)). Thus, there is no basis for a remand. *Gonzalez-Caraveo*, 882 F.3d at 895.

**PETITION DENIED.**